UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Anita A. Barnes

    Plaintiff

Vs.                            CASE NO 8:05-CV-417-T-23TBM

LifeLink Foundation, Inc.

    Defendant

## COMPLAINT

The plaintiff residing at 4801 Cypress Ridge Pl. Tampa, FL. 33624 is and has been since 09/2001 a Hillsborough County Resident. The defendant, LifeLink Foundation, Inc. is located at 409 Bayshore Blvd.Tampa, FL. 33606 also within the County of Hillsborough.

1. I, Anita A. Barnes, the Affiant state that on February 19, 2004 I was wrongfully terminated from my position as Billing Coordinator at LifeLink Foundation, without consideration of my known disability; or any reasonable accommodations as recommended by Dr. Mark Lefkowitz PhD, Psychologist; in violation of Americans with Disabilities laws. Further, I was subsequently refused consideration for another company position, for which I had requested via TempWise Agency, of Tampa.

2. I, Anita A. Barnes, Affiant state that I believe that the LifeLink Foundation, Inc management and / or staff members willfully orchestrated a planned discriminatory process to harass, cause aggravation and impose unreasonable workplace changes and expectations with the intent to terminate my employment from the company on the basis of discrimination; in violation of the American's With Disabilities Act, and the Florida Civil Rights Act of 1992.

3. I, Anita A. Barnes, the Affiant state that on or about October 23, 2003 my physician, and also my psychologist recommended that I take Family Medical Leave due to an acute episode of Major Depression and General Anxiety Disorder symptoms. While on medical leave from employment my Supervisor Mrs. Bonnie Lalli was kept apprised of my condition, in accordance with company policy. During approximately the second week of this medical leave Mrs. Lalli telephoned me at home and said that I must either return to work or my position would be replaced, because there were no back up coverage provisions for the



1

clerical position. I felt I was forced to return to work and therefore insisted that Dr. Lefkowitz comply with my request despite his agreement with my medical doctor that this action would be against medical advice. Thus Dr. Lefkowitz agreed to complete the company required paperwork outlining reasonable accommodations.

4. I, Anita A. Barnes, the Affiant state that as a direct result of the discriminatory actions by LifeLink's staff and representatives have caused exacerbation of my mental health condition, increased stress and anguish, and financial harm.

5. I, Anita A. Barnes, the Affiant state that on August 24, 2004 I attended a mediation session together with my former retained legal counsel, LifeLink representative's and legal counsel, and a member of the City of Tampa Human Rights Office; as per work-share agreement between Tampa and the EEOC of Tampa. LifeLink's legal counsel denied that company staff had knowledge of my disability, and further insisted upon a meager financial offer. Thus the session was unsuccessful, and the complaint was transferred back to the Tampa EEOC. The attached Notice of Right To Sue was issued by the Tampa EEOC dated 12/02/04, and received by plaintiff via certified mail on 12/14/04.

I, Anita A. Barnes, the Affiant and Plaintiff, Having exhausted all other remedies, respectfully request this Court's consideration for the relief and remedies as per the guidelines of the EEOC and the US Dept. of Justice.

I, Anita A. Barnes, the Affiant declare under penalty of perjury that the foregoing is true and correct, and that sufficient documentation is available to substantiate these statements.

Anita A. Barnes

*Anita A. Barnes*       March 03/2005
Pro-Se

enclosure's: 1) Notice of Right To Sue dated 12/02/04
2) Amended Charge of Discrimination dated 06/14/04
3) EEOC Charge Processing Procedures etc, and Remedies Guidelines

mailing address of Plaintiff
PO Box 271238
Tampa FL 33688
ph# 813-960-8601

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Anita Barnes
P.O. Box 271238
Tampa, FL 33688

From: Tampa Area Office
501 East Polk Street
Room 1000
Tampa, FL 33602

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 151-2004-01191 | Sylvia Pouncy, Supervisory Investigator | (813) 228-2276 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_(signature)_ for Manuel Zurita, Director       12/2/04 (Date Mailed)

Enclosure(s)

cc: Catherine Masessa
LIFELINK FOUNDATION
409 Bayshore Blvd.
Tampa, FL 33606

Bonnie A. Berns, Esquire
300 South Duncan Ave., Ste. 137
Clearwater, Florida 33755

| **AMENDED CHARGE OF DISCRIMINATION** This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>[ ] FEPA<br>[x] EEOC | CHARGE NUMBER<br>151-2004-01191 |
|---|---|---|

Florida Commission on Human Relations and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) Anita Barnes | Home Telephone (Include Area Code) 813-931-8989 |
|---|---|
| STREET ADDRESS 3909 Carroll Pines Court | CITY, STATE AND ZIP CODE Tampa, FL 33688 | DATE OF BIRTH 1-9-59 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME LifeLink Foundation, Inc. | NUMBER OF EMPLOYEES, MEMBERS 201-500 | TELEPHONE NUMBER 813-348-6308 |
|---|---|---|
| STREET ADDRESS 409 Bayshore Boulevard | CITY, STATE AND ZIP CODE Tampa, FL 33606 | COUNTY Hillsborough |
| NAME Catharine A. Masessa, Director Human Resources | | TELEPHONE NUMBER 813-348-6308 |
| STREET ADDRESS 409 Bayshore Blvd. | CITY, STATE AND ZIP CODE Tampa, FL 33606 | County Hillsborough |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (X)<br>[ ] RACE   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN<br>[ ] RETALIATION   [ ] AGE   [x] DISABILITY   [ ] OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST November 3, 2003   LATEST February 19, 2004<br>[x] CONTINUED ACTION |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. Personal Harm: On October 23, 2003, my physician recommended that I take Family Medical Leave due to my disability. I informed LifeLike that I needed take Family Medical Leave and was approved for up to twelve weeks on October 29, 2004. While on Family Medical Leave (FMLA) my supervisor, Bonnie Lalli called me and said that I needed to return to work immediately or have my position replaced. I was forced to return to work on November 10, 2003, which is ten weeks earlier than permitted by law. I submitted certification from my physician who outlined reasonable accommodations for LifeLink to follow due to my disabilities which LifeLink was aware of. LifeLink did not follow or give me any reasonable accommodations in violation of the Americans With Disabilities Act and the Florida Civil Rights Act of 1992. I was discriminated against for being disabled and given added duties and responsibilities to an already demanding job. Ms. Lalli also moved my desk form a quite isolated area to a location of increased noise, traffic and continuous distractions. I was further discriminated against based on my disability when Ms. Lalli singled me out for a series of meetings with management and given additional work and change in protocol with no training. The additional work was considered beyond the scope of my job. Although my Supervisor, Bonnie Lalli, knew of my disabilities I was not given any reasonable accommodations for my disabilities and on January 30, 2004, I was told that I was going to be terminated. I was terminated on February 19, 2004.

II. Respondent's Reason for Adverse Action: None Given

III. Discrimination Statement I believe LifeLink discriminated against me based on my disabilities in violation of the American With Disabilities Act and the Florida Civil Rights Act of 1992, as amended. LifeLink also violated rules and laws of the Family Medical Leave Act.

| [X] I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br>VICTORIA E. HAYNES<br>MY COMMISSION # DD 212651<br>EXPIRES: May 15, 2007<br>Bonded Thru Notary Public Underwriters |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT Anita Barnes |
| Date     Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 06/14/04<br>(Day, month, and year) |

The U.S. Equal Employment Opportunity Commission

# EEOC's Charge Processing Procedures

## What Happens after a Charge of Employment Discrimination is Filed with EEOC?

The employer is notified that the charge has been filed. From this point there are a number of ways a charge may be handled:

- A charge may be assigned for priority investigation if the initial facts appear to support a violation of law. When the evidence is less strong, the charge may be assigned for follow up investigation to determine whether it is likely that a violation has occurred.
- EEOC can seek to settle a charge at any stage of the investigation if the charging party and the employer express an interest in doing so. If settlement efforts are not successful, the investigation continues.
- In investigating a charge, EEOC may make written requests for information, interview people, review documents, and, as needed, visit the facility where the alleged discrimination occurred. When the investigation is complete, EEOC will discuss the evidence with the charging party or employer, as appropriate.
- The charge may be selected for EEOC's mediation program if both the charging party and the employer express an interest in this option. Mediation is offered as an alternative to a lengthy investigation. Participation in the mediation program is confidential, voluntary, and requires consent from both charging party and employer. If mediation is unsuccessful, the charge is returned for investigation.
- A charge may be dismissed at any point if, in the agency's best judgment, further investigation will not establish a violation of the law. A charge may be dismissed at the time it is filed, if an initial in-depth interview does not produce evidence to support the claim. When a charge is dismissed, a notice is issued in accordance with the law which gives the charging party 90 days in which to file a lawsuit on his or her own behalf.
- Federal employees or applicants for employment should see Federal Sector Equal Employment Opportunity Complaint Processing.

## How Does EEOC Resolve Discrimination Charges?

- If the evidence obtained in an investigation does not establish that discrimination occurred, this will be explained to the charging party. A required notice is then issued, closing the case and giving the charging party 90 days in which to file a lawsuit on his or her own behalf.
- If the evidence establishes that discrimination has occurred, the employer and the charging party will be informed of this in a letter of determination that explains the finding. EEOC will then attempt conciliation with the employer to develop a remedy for the discrimination.
- If the case is successfully conciliated, or if a case has earlier been successfully mediated or settled, neither EEOC nor the charging party may go to court unless the conciliation, mediation, or settlement agreement is not honored.
- If EEOC is unable to successfully conciliate the case, the agency will decide whether to bring suit in federal court. If EEOC decides not to sue, it will issue a notice closing the case and giving the charging party 90 days in which to file a lawsuit on his or her own behalf. In Title VII and ADA cases against state or local governments, the Department of Justice takes these actions.
- Federal employees or applicants for employment should see Federal Sector Equal Employment Opportunity Complaint Processing.

# When Can an Individual File an Employment Discrimination Lawsuit in Court?

A charging party may file a lawsuit within 90 days after receiving a notice of a "right to sue" from EEOC, as stated above. Under Title VII and the ADA, a charging party also can request a notice of "right to sue" from EEOC 180 days after the charge was first filed with the Commission, and may then bring suit within 90 days after receiving this notice. Under the ADEA, a suit may be filed at any time 60 days after filing a charge with EEOC, but not later than 90 days after EEOC gives notice that it has completed action on the charge.

Under the EPA, a lawsuit must be filed within two years (three years for willful violations) of the discriminatory act, which in most cases is payment of a discriminatory lower wage.

Federal employees or applicants for employment should see Federal Sector Equal Employment Opportunity Complaint Processing.

# What Remedies Are Available When Discrimination Is Found?

The "relief" or remedies available for employment discrimination, whether caused by intentional acts or by practices that have a discriminatory effect, may include:

- back pay,
- hiring,
- promotion,
- reinstatement,
- front pay,
- reasonable accommodation, or
- other actions that will make an individual "whole" (in the condition s/he would have been but for the discrimination).

Remedies also may include payment of:

- attorneys' fees,
- expert witness fees, and
- court costs.

Under most EEOC-enforced laws, compensatory and punitive damages also may be available where intentional discrimination is found. Damages may be available to compensate for actual monetary losses, for future monetary losses, and for mental anguish and inconvenience. Punitive damages also may be available if an employer acted with malice or reckless indifference. Punitive damages are not available against the federal, state or local governments.

In cases concerning reasonable accommodation under the ADA, compensatory or punitive damages may not be awarded to the charging party if an employer can demonstrate that "good faith" efforts were made to provide reasonable accommodation.

An employer may be required to post notices to all employees addressing the violations of a specific charge and advising them of their rights under the laws EEOC enforces and their right to be free from retaliation. Such notices must be accessible, as needed, to persons with visual or other disabilities that affect reading.

The employer also may be required to take corrective or preventive actions to cure the source of the

TAMPA AREA OFFICE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
TIMBERLAKE FEDERAL BUILDING ANNEX
501 E. POLK STREET, 10TH FLOOR
TAMPA, FLORIDA 33602

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



7003 3110 0006 4627 5810

CERTIFIED MAIL

7003 3110 0006 4627 5810

p/u 12/14/04